IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:23-cr-3 |
| | ) | |
| ROBERT HURST | ) | (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), |
| a/k/a "Radio" | ) | and 846; and 18 U.S.C. §§ 922(g)(1) and |
| BARRY BAKER | ) | 924(c)(1)(A)(i)) |
| a/k/a "Roe" | ) | |
| MICHAEL BROWN | ) | |
| KAYDA BUREK | ) | |
| JOSEPH BUSCH | ) | |
| CHRISTINE CAFAZZO | ) | |
| a/k/a "Farmer Chrissie" | ) | |
| ERNEST CLINTON | ) | |
| a/k/a "Hood" | ) | |
| MISTI DURANTE | ) | |
| TRAVIS EZEKIEL | ) | |
| MELISSA FRAIN | ) | |
| FRANK GARDNER | ) | |
| KEITH HURST | ) | |
| a/k/a "Cool" | ) | |
| KASMIN JAMES | ) | |
| LAMAR JOHNSON | ) | |
| a/k/a "Buckets" | ) | |
| THOMAS KING, JR. | ) | |
| TORRENCE LYDE | ) | |
| a/k/a "Bo" | ) | |
| LONNIE MCCANN | ) | |
| a/k/a "Breeze" | ) | |
| KAREEM MIDDLEBROOK | ) | |
| a/k/a "Byrd" | ) | |
| MILTON PASCHAL | ) | |
| a/k/a "Black" | ) | |
| CATHIE PAYSON | ) | |
| KEVIN THOMAS | ) | |
| DEANGELO WARD | ) | |
| a/k/a "DJ" | ) | |
| ASHLEY WESTON | ) | |
| RAHEEM HURST | ) | |
| a/k/a "Meech" or "Heem" | ) | |
| LEAH JACKSON | ) | |
| a/k/a "Sis" | ) | |
| SAMANTHA JONES | ) | |

FILED

DEC 1 3 2023

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

JERMER HOWARD       )
 a/k/a "Cuz"        )

## SUPERSEDING INDICTMENT

### COUNT ONE

The grand jury charges:

From in and around August 2018, and continuing through in and around March 2023, in the Western District of Pennsylvania and elsewhere, the defendants, ROBERT HURST a/k/a "Radio," BARRY BAKER a/k/a "Roe," MICHAEL BROWN, KAYDA BUREK, JOSEPH BUSCH, CHRISTINE CAFAZZO a/k/a "Farmer Chrissie," ERNEST CLINTON a/k/a "Hood," MISTI DURANTE, TRAVIS EZEKIEL, MELISSA FRAIN, FRANK GARDNER, KEITH HURST a/k/a "Cool," KASMIN JAMES, LAMAR JOHNSON a/k/a "Buckets," THOMAS KING, JR., TORRENCE LYDE a/k/a "Bo," LONNIE MCCANN a/k/a "Breeze," KAREEM MIDDLEBROOK a/k/a "Byrd," MILTON PASCHAL a/k/a "Black," CATHIE PAYSON, KEVIN THOMAS, DEANGELO WARD a/k/a "DJ," ASHLEY WESTON, JERMER HOWARD a/k/a "Cuz, RAHEEM HURST a/k/a "Meech" or "Heem", LEAH JACKSON, a/k/a "Sis," and SAMANTHA JONES, did knowingly, intentionally and unlawfully conspire with one another, and with persons both known and unknown to the grand jury, to distribute and possess with intent to distribute, Schedule I and Schedule II controlled substances, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

Further, the grand jury finds that the amount involved in the conspiracy attributable to each defendant, as a result of his/her own conduct and the conduct of other conspirators that was reasonably foreseeable to him/her, is:

2

| | | |
|---|---|---|
| ROBERT HURST | 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;<br><br>400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(vi), and 841(b)(1)(C) |
| BARRY BAKER, MISTI DURANTE, KAREEM MIDDLEBROOK, CATHIE PAYSON, ASHLEY WESTON | 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;<br><br>40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), and 841(b)(1)(C) |
| MICHAEL BROWN, MELISSA FRAIN | 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;<br><br>40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), and 841(b)(1)(C) |

| | | |
|---|---|---|
| KAYDA BUREK | 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C) |
| JOSEPH BUSCH | 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;<br><br>40 grams or more a of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(B)(vi), and 841(b)(1)(C) |
| CHRISTINE CAFAZZO, ERNEST CLINTON, KEITH HURST, MILTON PASCHAL, KEVIN THOMAS | 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(C) |
| TRAVIS EZEKIEL, TORRENCE LYDE, DEANGELO WARD | 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;<br><br>500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | |

| | | |
|---|---|---|
| FRANK GARDNER | A quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance;<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| KASMIN JAMES | A quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| LAMAR JOHNSON | 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;<br><br>A quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C) |
| THOMAS KING, JR., LONNIE MCCANN, RAHEEM HURST, SAMANTHA JONES, LEAH JACKSON | 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) |

| | | |
|---|---|---|
| JERMER HOWARD | 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;<br><br>A quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and<br><br>A quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C) |

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The grand jury further charges:

On or about May 2, 2022, in the Western District of Pennsylvania, the defendant, KAREEM MIDDLEBROOK, a/k/a "Byrd," did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

7

## COUNT THREE

The grand jury further charges:

On or about May 2, 2022, in the Western District of Pennsylvania, the defendant, KAREEM MIDDLEBROOK, a/k/a "Byrd," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that is:

1.      Manufacture or Delivery, or Possession with Intent to Manufacture or Deliver, a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) – The conviction occurred in the Westmoreland County (Pennsylvania) Court of Common Pleas in Case Number CP-65-CR-1315-2003, on or about May 2, 2003;

2.      Aggravated Assault in violation of 18 P.S. § 2702(a)(6), Persons Not to Possess/Use a Firearm in violation of 18 P.S. § 6105(c)(2), and Firearms Not to be Carried Without a License in violation of 18 P.S. § 6106(a)(1) – The conviction occurred in the Westmoreland County (Pennsylvania) Court of Common Pleas in Case Number CP-65-CR-700-2004, on or about May 18, 2004;

3.      Manufacture or Delivery, or Possession with Intent to Manufacture or Deliver, a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) – The conviction occurred in the Westmoreland County (Pennsylvania) Court of Common Pleas in Case Number CP-65-CR-3515-2006, on or about November 30, 2006;

4.      Manufacture or Delivery, or Possession with Intent to Manufacture or Deliver, a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) – The conviction occurred in the Westmoreland County (Pennsylvania) Court of Common Pleas in Case Number CP-65-CR-3516-2006, on or about November 30, 2006;

5.      Manufacture or Delivery, or Possession with Intent to Manufacture or

8

Deliver, a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) – The conviction occurred in the Indiana County (Pennsylvania) Court of Common Pleas in Case Number CP-32-CR-526-2013, on or about May 10, 2013;

      6.     Manufacture or Delivery, or Possession with Intent to Manufacture or Deliver, a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) – The conviction occurred in the Indiana County (Pennsylvania) Court of Common Pleas in Case Number CP-32-CR-1016-2016, on or about April 17, 2017;

did knowingly possess, in and affecting interstate commerce the following:

      i.     One (1) FNH USA, LLC Model 509 9mm pistol bearing serial number GKS0027296; and

      ii.     Seventeen (17) rounds of 9mm ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## COUNT FOUR

The grand jury further charges:

On or about May 2, 2022, in the Western District of Pennsylvania, the defendant, KAREEM MIDDLEBROOK, a/k/a "Byrd," did knowingly and unlawfully possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute a controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, charged in Count One of this Superseding Indictment, and possession with intent to distribute a controlled substance, contrary to the provision of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), charged in Count Two of this Superseding Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FIVE

The grand jury further charges:

On or about March 2, 2023, in the Western District of Pennsylvania, the defendant, JOSEPH BUSCH, did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

The grand jury further charges:

On or about August 21, 2019, in the Western District of Pennsylvania, the defendant, TORRENCE LYDE a/k/a "Bo", did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

The grand jury further charges:

On or about March 2, 2023, in the Western District of Pennsylvania, the defendant, LAMAR JOHNSON a/k/a "Buckets", did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

The grand jury further charges:

On or about December 4, 2022, in the Western District of Pennsylvania, the defendant, MILTON PASCHAL a/k/a "Black", did knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF SPECIAL FINDINGS

The grand jury further finds:

1.     As to Count One of this Superseding Indictment, the defendant, ROBERT HURST, a/k/a "Radio":

a)     was previously convicted and then sentenced on or about August 16, 2011, in the Western District of Pennsylvania, at Case Number 2:08-cr-386, of the crime of Conspiring to Distribute and to Possess with Intent to Distribute 50 grams or more of cocaine base (a serious drug felony under Title 21, United States Code, Section 802(57));

b)     served a term of imprisonment of more than twelve months for the conviction described in Subparagraphs 1(a); and

c)     was released from any term of imprisonment for the conviction described in Subparagraph 1(a) within fifteen years of the commencement of the offense charged in Count One.

2.     As to Count One, the defendant, BARRY BAKER, a/k/a "Roe":

a)     was previously convicted and then sentenced on or about August 19, 2013, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-435-2013, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

b)     served a term of imprisonment of more than twelve months for the conviction described in Subparagraph 2(a); and

c)     was released from any term of imprisonment for the conviction described in Subparagraph 2(a) within fifteen years of the commencement of the offense charged in Count

One.

      3.     As to Count One, the defendant, JOSEPH BUSCH:

      a)     was previously convicted and then sentenced on or about July 2, 2007, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-1047-2006, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

      b)     was also previously convicted and then sentenced on or about November 9, 2007, in the Westmoreland County (Pennsylvania) Court of Common Pleas, at Docket Number CP-65-CR-3925-2007, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

      c)     served a term of imprisonment of more than twelve months for the conviction described in Subparagraphs 3(a) and 3(b); and

      d)     was released from any term of imprisonment for the conviction described in Subparagraphs 3(a) and 3(b) within fifteen years of the commencement of the offense charged in Count One.

      4.     As to Count One, the defendant, ERNEST CLINTON, a/k/a "Hood":

      a)     was previously convicted and then sentenced on or about August 11, 2005, in the Westmoreland County (Pennsylvania) Court of Common Pleas, at Docket Number CP-65-CR-1554-2004, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

b)        served a term of imprisonment of more than twelve months for the conviction described in Subparagraph 4(a); and

c)        was released from any term of imprisonment for the conviction described in Subparagraph 4(a) within fifteen years of the commencement of the offense charged in Count One.

5.        As to Count One, the defendant, MISTI DURANTE:

a)        was previously convicted and then sentenced on or about October 4, 2019, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-797-2019, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

b)        served a term of imprisonment of more than twelve months for the conviction described in Subparagraph 5(a); and

c)        was released from any term of imprisonment for the conviction described in Subparagraph 5(a) within fifteen years of the commencement of the offense charged in Count One.

6.        As to Count One, the defendant, KEITH HURST, a/k/a "Cool":

a)        was previously convicted and then sentenced on or about June 24, 2013, in the Allegheny County (Pennsylvania) Court of Common Pleas, at Docket Number CP-02-CR-11670-2010, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

b)        served a term of imprisonment of more than twelve months for the

17

conviction described in Subparagraph 6(a); and

   c)  was released from any term of imprisonment for the conviction described in Subparagraph 6(a) within fifteen years of the commencement of the offense charged in Count One.

   7.  As to Count One, the defendant, KASMIN JAMES:

   a)  was previously convicted and then sentenced on or about September 30, 2008, in the Westmoreland County (Pennsylvania) Court of Common Pleas, at Docket Number CP-65-CR-3209-2006, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

   b)  was previously convicted and then sentenced on or about May 1, 2017, in the Westmoreland County (Pennsylvania) Court of Common Pleas, at Docket Number CP-65-CR-2765-2015, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

   c)  served a term of imprisonment of more than twelve months for the conviction described in Subparagraphs 7(a) and 7(b); and

   d)  was released from any term of imprisonment for the conviction described in Subparagraphs 7(a) and 7(b) within fifteen years of the commencement of the offense charged in Count One.

   8.  As to Count One, the defendant, LAMAR JOHNSON, a/k/a "Buckets":

   a)  was previously convicted and then sentenced on or about October 12, 2012, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-798-

2012, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

        b)    served a term of imprisonment of more than twelve months for the conviction described in Subparagraph 8(a); and

        c)    was released from any term of imprisonment for the conviction described in Subparagraph 8(a) within fifteen years of the commencement of the offense charged in Count One.

        9.    As to Count One, the defendant, THOMAS KING, JR.:

        a)    was previously convicted and then sentenced on or about October 7, 2009, in the Westmoreland County (Pennsylvania) Court of Common Pleas, at Docket Number CP-65-CR-2658-2007, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

        b)    was previously convicted and then sentenced on or about February 4, 2018, in the Westmoreland County (Pennsylvania) Court of Common Pleas, at Docket Number CP-65-CR-909-2017, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

        c)    served a term of imprisonment of more than twelve months for the conviction described in Subparagraphs 9(a) and (b); and

        d)    was released from any term of imprisonment for the conviction described in Subparagraphs 9(a) and 9(b) within fifteen years of the commencement of the offense charged

in Count One.

      10.    As to Count One, the defendant, TORRENCE LYDE a/k/a "Bo":

      a)    was previously convicted and then sentenced on or about October 31, 2011, in the Cuyahoga County (Ohio) Court of Common Pleas, at Docket Number CR11556033C001, of the crime of Trafficking in Controlled Substances (a serious drug felony under Title 21, United States Code, Section 802(57));

      b)    was previously convicted and then sentenced on or about May 21, 2014, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-1206-2013, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

      c)    served a term of imprisonment of more than twelve months for the conviction described in Subparagraphs 10(a) and 10(b); and

      d)    was released from any term of imprisonment for the conviction described in Subparagraphs 10(a) and 10(b) within fifteen years of the commencement of the offense charged in Count One.

      11.    As to Count One, the defendant, LONNIE MCCANN, a/k/a "Breeze":

      a)    was previously convicted and then sentenced on or about June 14, 2004, in the Cuyahoga County (Ohio) Court of Common Pleas, at Docket Number CR04455364C005, of the crime of Trafficking in Controlled Substances (a serious drug felony under Title 21, United States Code, Section 802(57));

      b)    was previously convicted and then sentenced on or about April 12, 2010, in the Cuyahoga County (Ohio) Court of Common Pleas, at Docket Number CR10536356A001, of

the crime of Trafficking in Controlled Substances (a serious drug felony under Title 21, United States Code, Section 802(57));

c)　was previously convicted and then sentenced on or about May 25, 2010, in the Cuyahoga County (Ohio) Court of Common Pleas, at Docket Number CR10537919A001, of the crime of Trafficking in Controlled Substances (a serious drug felony under Title 21, United States Code, Section 802(57));

d)　was previously convicted and then sentenced on or about May 6, 2016, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-0000176-2016, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

e)　served a term of imprisonment of more than twelve months for the conviction described in Subparagraphs 11(a) – 11(d); and

f)　was released from any term of imprisonment for the conviction described in Subparagraphs 11(a) – 11(d) within fifteen years of the commencement of the offense charged in Count One.

12.　As to Counts One and Two, the defendant, KAREEM MIDDLEBROOK, a/k/a "Byrd":

a)　was previously convicted and then sentenced on or about on or about November 30, 2006, in the Court of Common Pleas for Westmoreland County (Pennsylvania), at Docket Number CP-65-CR-3515-2006, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

21

b)      was previously convicted and then sentenced on or about November 30, 2006, in the Court of Common Pleas for Westmoreland County (Pennsylvania), at Docket Number CP-65-CR-3516-2006, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

c)      was previously convicted and then sentenced on or about May 10, 2013, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-526-2013, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

d)      was previously convicted and then sentenced on or about April 17, 2017, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-1016-2016, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

e)      served a term of imprisonment of more than twelve months for the conviction described in Subparagraphs 12(a)-12(d); and

f)      was released from any term of imprisonment for the conviction described in Subparagraphs 12(a) – 12(d) within fifteen years of the commencement of the offense charged in Count One and Count Two.

g)      Further, the convictions described in Subparagraphs 12(a) – 12(d) are serious drug offenses, (as defined in 18 U.S.C. § 924(e)), that were committed on occasions different from one another.

13. As to Count One, the defendant, MILTON PASCHAL, a/k/a "Black":

a) was previously convicted and then sentenced on or about February 13, 2007, in the Westmoreland County (Pennsylvania) Court of Common Pleas, at Docket Number CP-65-CR-3857-2006, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

b) was previously convicted and then sentenced on or about February 4, 2011, in the Westmoreland County (Pennsylvania) Court of Common Pleas, at Docket Number CP-65-CR-2513-2010, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

c) served a term of imprisonment of more than twelve months for the conviction described in Subparagraphs 13(a) and 13(b); and

d) was released from any term of imprisonment for the conviction described in Subparagraphs 13(a) and 13(b) within fifteen years of the commencement of the offense charged in Count One.

14. As to Count One, the defendant, ASHLEY WESTON:

a) was previously convicted and then sentenced on or about March 10, 2017, in the Indiana County (Pennsylvania) Court of Common Pleas, at Docket Number CP-32-CR-878-2016, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance (a serious drug felony under Title 21, United States Code, Section 802(57));

b) served a term of imprisonment of more than twelve months for the

conviction described in Subparagraph 14(a); and

c)　　was released from any term of imprisonment for the conviction described in Subparagraph 14(a) within fifteen years of the commencement of the offense charged in Count One.

## FORFEITURE ALLEGATIONS

The United States hereby gives notice to the defendants that, upon their conviction for any of the offenses charged in this Superseding Indictment, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 924(d); Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p); and Title 28, United States Code, Section 2461(c); which requires any person convicted of these offenses to forfeit to the United States of America any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, from the commission of such offenses, and any property used, or intended to be used, in any manner and part, to commit, and to facilitate the commission of, such offenses, including, but not limited to, the following:

1.      $870 in U.S. currency seized from FRANK GARDNER on December 9, 2021.

2.      $898 in U.S. currency seized from KAREEM MIDDLEBROOK, a/k/a "Byrd", on May 2, 2022.

3.      One (1) FNH USA, LLC Model 509 9mm pistol bearing serial number GKS0027296 and seventeen (17) rounds of 9mm ammunition; seized from KAREEM MIDDLEBROOK, a/k/a "Byrd", on May 2, 2022.

4.      $872 in U.S. currency; seized from TRAVIS EZEKIEL, on March 2, 2023.

5.      $1,020 in U.S. currency; seized from LAMAR JOHNSON a/k/a "Buckets", on March 23, 2023.

6.      The following items seized on March 2, 2023 from 415 Lowell Street, Vandergrift, Pennsylvania, the residence of and a premises used by KEVIN THOMAS:

(a)      One (1) Taurus G3C 9mm pistol bearing serial number ADD243711;

(b)    Two (2) 9mm magazines;

(c)    Twenty (20) rounds of 9mm ammunition;

(d)    One (1) Smith & Wesson Model 30 .32 caliber revolver bearing serial number 77195;

(e)    Forty-one (41) rounds of .32 caliber ammunition;

(f)    $6,661 in U.S. currency.

7.    The following item seized on March 2, 2023 from 438 Freeport Street, New Kensington, Pennsylvania, the residence of and a premises used by KEITH HURST a/k/a "Cool":

(a)    $3,737 in U.S. currency.

8.    The following items seized on March 2, 2023 from 464 East 7th Avenue, Apt. 6, Tarentum, Pennsylvania, the residence of and a premises used by MILTON PASCHAL a/k/a "Black":

(a)    $1,837 in U.S. currency; and

(b)    Miscellaneous Jewelry.

9.    The following item seized on March 2, 2023 from 489 Evergreen Road, Leechburg, Pennsylvania, the residence of and a premises used by ERNEST CLINTON a/k/a "Hood":

(a)    $1,813 in U.S. currency.

10.    The following items seized on March 2, 2023 from 516 4th Avenue, New Kensington, Pennsylvania, the residence of and a premises used by JOSEPH BUSCH and KASMIN JAMES:

(a)    Two (2) rounds of 9mm ammunition; and

(b)    Five (5) rifle magazines with five (5) rounds of blanks.

11. The following item seized on March 2, 2023 from 1607 4th Avenue, Apt. 2, Arnold, Pennsylvania, the residence of and a premises used by SAMANTHA JONES:

      (a)    $25,440 in U.S. currency.

12. The following item seized on March 2, 2023 from 508 Catalpa Street, New Kensington, Pennsylvania, the residence of and a premises used by LEAH JACKSON a/k/a "Sis":

      (a)    One (1) Taurus GX4 9mm pistol bearing serial number 1GA24897;

      (b)    Two (2) 9mm magazines; and

      (c)    Twenty-seven (27) rounds of 9mm ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third party;

      (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants, FRANK GARDNER, KAREEM MIDDLEBROOK, a/k/a "Byrd,", KEVIN THOMAS, KEITH HURST a/k/a "Cool", MILTON PASCHAL a/k/a "Black", ERNEST CLINTON a/k/a "Hood", JOSEPH BUSCH, KASMIN JAMES, TRAVIS EZEKIEL, LAMAR JOHNSON a/k/a "Buckets", SAMANTHA JONES, and LEAH JACKSON a/k/a "Sis" up to the

value of the forfeitable property described above.

A True Bill

FOREPERSON

ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

ARNOLD P. BERNARD, JR.
Assistant United States Attorney
PA ID No. 313734