

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania  15219                          412/644-3500

April 7, 2025

Michael E. DeMatt, Esquire
115 North Main Street
Greensburg, PA 15601

Re:   United States of America v. Robert Hurst, a/k/a/ "Radio"
      Criminal No. 3:23-cr-3

Dear Mr. DeMatt:

This letter sets forth the agreement by which your client, Robert Hurst, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Robert Hurst and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Robert Hurst will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Robert Hurst, agrees to the following:

        1.    The defendant will enter a plea of guilty to a lesser included offense at Count One of the Superseding Indictment at Criminal No. 3:23-cr-3, charging the defendant with violating 21 U.S.C. § 846, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Specifically, the defendant will plead guilty to conspiracy to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, and a quantity of a mixture and

**LIMITED OFFICIAL USE**

Page 2

      substance containing a detectable amount of cocaine base, in the form commonly known as "crack," all Schedule II controlled substances, contrary to the provisions of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), and 841(b)(1)(C), in violation of 21 U.S.C. § 846, from on or about October 2022 through on or about March 2, 2023.

2. The defendant will voluntarily forfeit to the United States his interest, if any, in all property subject to forfeiture under 21 U.S.C. §§ 853(a)(1), 853(a)(2), and 853(p), and 28 U.S.C. § 2461(c), including but not limited to the following seized on March 2, 2023 from 415 Lowell Street, Vandergrift, Pennsylvania:

   (a) One (1) Taurus G3C 9mm pistol bearing serial number ADD243711;

   (b) Two (2) 9mm magazines;

   (c) Twenty (20) rounds of 9mm ammunition;

   (d) One (1) Smith & Wesson Model 30 .32 caliber revolver bearing serial number 77195;

   (e) Forty-one (41) rounds of .32 caliber ammunition; and

   (f) $6,661 in U.S. currency.

3. The defendant acknowledges that the above-described property is property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation of the lesser included offense charged at Count One; and/or property used or intended to be used, in any manner or part, to commit, and/or facilitate the commission of, the violation of the lesser included offense charged at Count One.

4. The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

5. If the Court imposes a fine or restitution as part of a sentence of incarceration, Robert Hurst agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

6. At the time Robert Hurst enters the defendant's plea of guilty, the defendant will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that

       sentence is not ultimately imposed, the special assessment deposit will be returned.

7.    Robert Hurst waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

8.    Robert Hurst waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a)    If the United States appeals from the sentence, Robert Hurst may take a direct appeal from the sentence.

(b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Robert Hurst may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

9.    In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Robert Hurst in the offense charged in the Superseding

        Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States Attorney agrees not to file an information, pursuant to 21 U.S.C. § 851, stating prior convictions as a basis for increased punishment.

4. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Robert Hurst and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Robert Hurst for the lesser included offense at Count One is:

    (a) A term of imprisonment of not less than 5 years and not more than 40 years;

    (b) A fine of not more than $5,000,000;

    (c) A term of supervised release of not less than 4 years; and

    (d) A special assessment under 18 U.S.C. § 3013 of $100.

    Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, the defendant is not eligible for a sentence of probation.

2. The parties stipulate that the type and quantity of controlled substances attributable to Robert Hurst in this case for the purposes of § 2D1.1 of the Sentencing Guidelines is at least 400 but less than 700 kilograms of converted drug weight under the Sentencing Guidelines, comprised of quantities of cocaine, fentanyl, and cocaine base. The cocaine base was in the form commonly known as crack. This stipulation results in a base offense level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7). This stipulation includes all relevant conduct as to drug quantity, under § 1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of

        the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed. The foregoing stipulation does not preclude either party from seeking guideline enhancements or reductions as to factors which are not the subject of the stipulation.

3.     The parties further agree that the base offense level should be raised under the following section of the Guidelines:

    (a)     2 levels pursuant to U.S.S.G. § 2D1.1(b)(12) (related to maintaining a drug premises); and

    (b)     3 levels pursuant to U.S.S.G. § 3B1.1(b) (relating to aggravating role).

This agreement is not binding on the Court.

4.     The parties agree that Robert Hurst has 3 criminal history points and a criminal history category of II.

This agreement is not binding on the Court.

5.     The parties agree that, with a total offense level of 28 and a criminal history category of II (and subject to the terms of paragraph B(2) of this agreement related to acceptance of responsibility), the defendant has a guideline range of 87 to 108 months' imprisonment under the Sentencing Guidelines.

This agreement is not binding on the Court.

6.     Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of 96 months; a fine, if any, in an amount to be determined by the Court; a term of supervised release of 4 years; and a special assessment of $100.

Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

7. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Robert Hurst acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

8. This agreement does not preclude the government from pursuing any civil or administrative remedies against Robert Hurst or the defendant's property.

9. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

   Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

10. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Robert Hurst and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*
TROY RIVETTI
Acting United States Attorney

*[signature]*
ARNOLD P. BERNARD, JR.
Assistant United States Attorney

Page 7

I have received this letter from my attorney, Michael E. DeMatt, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
ROBERT HURST

5/28/25
_____
Date

Witnessed by:

_____
MICHAEL E. DEMATT, ESQUIRE
Counsel for Robert Hurst