# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 23-3 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HURST | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

AND NOW, comes the Defendant, Robert Hurst, by and through his attorneys, Michael E. DeMatt, Esquire, and the law firm of Turin DeMatt & Cavanaugh, P.C., and files the within SENTENCING MEMORANDUM:

No objections were made with respect to the Presentence Investigation Report ("PSIR"), so the within document will focus on the Section 3553 factors, which are set out seriatim below. As there can be overlap between the various 3553 factors, many facts relevant to one factor may also be relevant to other factors. As such, the argument below should be read as a whole, with an understanding that some facts mentioned with respect to one factor can and should be considered with respect to other factors.

A plea agreement pursuant to Rule 11(c)(1)(C) has been reached in the within matter whereby the parties agree that the appropriate sentence would be 96 months to be followed by 4 years of supervised release. (PSIR ¶20). For the reasons stated herein, Mr. Hurst respectfully requests that this court accept the negotiated agreement and sentence him consistent therewith.

1.  **The nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1)**

Mr. Hurst was born and grew up in Camden, New Jersey, residing in project housing, then later moving to Cleveland. He witnessed drugs, violence and crime on a regular basis during his formative years. His father was incarcerated for a lengthy period time during his childhood and was in and out of his life. He witnessed domestic violence between his mother and a couple of her boyfriends during his childhood. His mother worked hard to support him and his siblings, but she struggled. She was a stern disciplinarian, imposing physical punishments, bordering on (and perhaps crossing the line of) abuse. She verbally abused him as well. Despite this, Mr. Hurst has a close relationship with his mother, and he continues to have regular contact with her. (PSIR ¶¶75-77).

Mr. Hurst has accepted responsibility for his actions in the within matter and has agreed to a negotiated plea which is in the middle of the guideline range. He asks that this court accept the plea agreement.

2.  **The need for the sentence imposed. 18 U.S.C. § 3553(a)(2)**

    a.  *to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

In fashioning a sentence, "[t]he court shall impose a sentence sufficient, but not greater than necessary . . ." 18 U.S.C. § 3553(a).

Mr. Hurst would submit that this court should impose the agreed upon sentence of 96 months to be followed by four years of supervised release, as it is in the middle of the guideline range and reflects the seriousness of Mr. Hurst's criminal activities, promotes respect for the law, and provides just punishment.

### b.  *to afford adequate deterrence to criminal conduct.*

The evidence on the alleged deterrent effect of imprisonment is ambiguous at best, and not a sound basis upon which to sentence.[1] Research has shown that the certainty of being caught provides a greater deterrent effect on crime than the severity of the punishment.[2] Increasing the punishment does little to deter a person's conduct.[3]

That being said, Mr. Hurst would submit that the proposed sentence will act as both a specific deterrent for him, and as a general deterrent for others.

### c.  *to protect the public from further crimes of the defendant.*

Mr. Hurst is 46 years old, and will turn 47 in November. He is also facing a supervised release violation in Ohio because of the instant charges. If the plea agreement is accepted and Mr. Hurst is sentenced to 96 months, he will be in his mid-50's when released from incarceration. Increased age bears a strong correlation with lower recidivism. According to Sentencing Commission data, "[r]ecidivism rates decline relatively consistently as age increases."[4]

The older Mr. Hurst gets, the less likely it is that he will recidivate. The lengthy sentence proposed herein will protect the public from further crimes in two ways: 1) he

---

[1] Hofer, Paul and Allenabaugh, Mark, "The Reason Behind the Rules: Finding and using the Philosophy of the Federal Sentencing Guidelines." 40 Am.Crim.L.Rev. 19, 61-62 (2003).
[2] "Five Things About Deterrence." https://nij.ojp.gov/topics/articles/five-things-about-deterrence. (accessed June 30, 2020)

[3] *Id.*
[4] USSC, "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines." At 12 and Ex. 9 (May 2004). See https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf (accessed December 27, 2022).

will be incarcerated for several years; and 2) he will be far less likely to reoffend upon release.

> **d.     *to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.***

In his past, Mr. Hurst participated in the RDAP program. He found it to be very helpful for him (PSIR ¶¶86-87). Mr. Hurst believes further participation in RDAP would be beneficial and he wishes to participate in the program again, if possible.

3.     **The kinds of sentences available. 18 U.S.C. § 3553(a)(3).**

As the court is well aware, the guidelines are only advisory, and the court is not bound by the applicable guidelines range. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In fact, the Supreme Court has stated that, "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." United States v. Nelson, 129 S.Ct 890, 892 (2009) (emphasis in original).

Mr. Hurst is subject to a mandatory minimum five-year sentence. (PSIR ¶96). As indicated in the PSIR, the guidelines are 87 to 108 months. The 11(c)(1)(C) plea proposed by the parties is 96 months, in the middle of that range, and is greater than the applicable mandatory minimum. This proposed sentence takes into account Mr. Hurst's activities in the instant case, his criminal history and his background, as well as the other 3553 factors. Such a sentence would be sufficient but not greater than necessary.

4.  **The need to avoid unwarranted disparity among defendants with similar records and similar crimes. 18 U.S.C. § 3553(a)(6).**

By considering the applicable guidelines range, but tailoring the appropriate sentence to the individual characteristics of Mr. Hurst, this court would be avoiding unwarranted disparity among defendants with similar records and similar crimes. In particular, any deviation from the guidelines based upon the specific characteristics and circumstances presented in the within matter would necessarily not be "unwarranted" as such deviation would be based upon the appropriate § 3553 factors as described herein. See *e.g.* Gall v. United States, 552 U.S. 38 (2007) (district court "considered the need to avoid unwarranted disparities, but also considered the need to avoid unwarranted similarities among other co-conspirators who were not similarly situated.")

5.  **The need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7).**

There is no restitution owed. (PSIR ¶¶110-111).

## CONCLUSION

For the reasons stated above, Mr. Hurst requests that this court accept the plea agreement reached between the parties, and impose sentence consistent therewith.

>Respectfully submitted,
>TURIN DEMATT & CAVANAUGH, P.C.
>
>*s/ Michael E. DeMatt*
>Michael E. DeMatt, Esquire
>Attorney for Defendant
>
>115 North Main Street
>Greensburg, PA  15601
>
>(724) 838-1400